OPINION of the Court, by
Ch. J. Boyle.
— The appellants, who were complainants in the court below, filed their bill in chancery, in which they assert their claim to 21,000 acres of land, under an entry which as they allege has been surveyed according to location, and for which a patent has issued bearing date the 16th of May, 1793. They charge that the defendants have taken possession of a part of the 21,000 acres under several patents, one of which is for 688 acres, another for 112, and another for 400, all of which are of younger date than that under which the complainants claim. That the defendants have no entry or entries for any part of the land included in their patents, and that they had procured their patents by fraud. The complainants pray that the defendants may be decreed to relinquish their right to the land in question, and yield up the possession. The defendants having answered this bill, the complainants afterwards, upon obtaining leave for that purpose, filed an amended bill, in which they allege that the patents of the defendants for the 688 and 112 acres bear the same date with the one under which they claim, and that the patent for 400 acres was of a junior date. To the amended bill the defendants demurred generally, and on argument the *485 court below sustained the demurrer and decreed the bill to be dismissed with costs.
From that decree the complainants have prosecuted this appeal.
The only question is, whether the complainants have made out a case which entities them to the interposition of a court of equity in their favor.
The propriety of a junior patentee resorting to a court of equity for relief, where he shews that he has made the first appropriation of the land in question by a valid entry, and that the defendant holds the possession under the elder patent, does not at this day admit of a question.
The principle upon which relief in such a case is granted, is that the junior patentee has the better right and is without remedy at law. With respect to the -ÍOO acre tract, for which the defendants are alleged to hold the younger patent, this principle evidently does not apply. For as to that the complainants have a clear and adequate remedy at law, and consequently have no need of, nor any right to the relief of a court of equity. But with respect to the two tracts which the defendants hold under patents of the same date of that of the complainants, the case is essentially different. Where there is an equality in the date of the patents, the claimant out of possession can have no remedy at law. In the case of Talbot vs. Calloway, (Hard. Rep. 35,) it was held that the plaintiff at: law cannot recover* unless he shews a patent for the land in controversy elder than that of the tenant in possession, l’he sáme point was decided in the case of Coleman vs. Talbot, (ante 129.) The case made out by the complainants, therefore, with respect to these two tracts of land, comes within the same principle upon which courts of equity in this country have uniformly granted relief to the junior patentee. For not having an elder patent, they cannot, under the rule established in the cases alluded to, sustain an action at law ; and if precluded from resorting to a court of equity, they would be without relief. This would he contrary, to the general rule of law, that where there is a right there must be a remedy.
It is true, as was contended by the counsel for the appellees, that notwithstanding the equality in the *486 date of the patents, the one most have been consul»» mated by the signature of the governor before the-other, and that the complainants, by proving that their patent was first signed, might recover at law. But il is equally true, that proof of that sort is utterly impracticable to be obtained and it would be extremely unjust to turn a party round to his remedy at law, ■where from the nature of the case it is morally certain he could not have relief. A bare possibility that a party could have a remedy at law, is not sufficient to exclude him from the relief of a court of equity.
Rules of law ought to be founded upon what is probable and practicable, and not upon what i» barely possible.
With respect therefore to the two tracts, held by the defendants under patents of the same date as that oí the complainants, we think the case such as is proper for the jurisdiction of a court of equity : but that it is otherwise with respect to the tracts held by them under a junior patent. A question here occurs, whether the demurrer, being a general, one to the whole bill, ought to have beta overruled in the whole, or in part only. It is in. general true, that; a. demurrer to the whole bill, a part of which is objectionable, and the ■rest not so, should be overruled in the whole. But there are cases in which a demurrer to a bill of that sort has been allowed as to a part, and overruled as to •the rest- — See. 2 Eq. Ca. Abr. 759. To do so. ia » case of this kind.., seems much more consistent with the general principles upon which a court of equity acts, than it would be to overrule the demurrer ia toto. It would certainly be putting the parties tc much needless expenpe, to- compel the defendants to answer as to the tract for which, they hold, the junior patent, and contest thy validity of their claim. Stpce if they were to do so, a decree in their favor dismissing the bill, would not prevent the complainants from trying their title at law.
It is therefore decreed and ordered,, that the decree of the B.ullit circuit court be reversed and set aside; th.'.t the cause be remanded to said court, who arc hc-icby directed to enter upa decree allowing the demurrer of the defendants in that court -to so .much of the amended bill of die compkiaants as «lates to the- *487 400 acre tract for which the defendants holt1, the junior patent ; and overruling it with respect to the residue of said bill ; and that the said defendants do answer thereto ¡ and that such other and further proceedings be had in said court, as may be agreeable to equity.— Costs given to the appellants.